# EXHIBIT A

STATE OF OHIO
IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
CIVIL DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO** <br> PO Box 5100 <br> Mentor, OH 44061 <br><br> Plaintiff, <br> v. <br><br> **Credence Resource Management LLC** <br> 17000 Dallas Parkway #204 <br> Dallas, Texas 75248 <br><br> Defendant | Case No. <br><br> Hon. <br><br> **20CV001305** <br> **JOHN P. O'DONNELL** |

**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney and Plaintiff Pro Se*

FILED 2020 OCT 19 PM 3:20 MAUREEN G. KELLY LAKE CO. CLERK OF COURT

### PLAINTIFF'S COMPLAINT
### (JURY DEMAND ENDORSED HEREON)

NOW COMES Bryan Anthony Reo (Plaintiff), Pro Se, and hereby propound upon Credence Resource Management "CRM" (hereinafter referred to as "Defendant") and this Honorable Court Plaintiffs' Complaint.

## I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("CSPA").

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

1

3. Defendant Credence Resource Management is a corporate entity existing by and through the laws of the state of Texas, with its principal place of business and corporate headquarters being located in Texas. Defendant makes autodialed telephone communications to Ohio numbers into the state of Ohio for the purpose of delivering recorded messages.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227, R.C. § 1345.01 and R.C. § 2305.01.

5. This Court enjoys personal jurisdiction over Defendant because Defendant conduct business in the state of Ohio, and Defendant called Plaintiff in Ohio and engaged in telecommunications directed to Plaintiff in Ohio with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

7. Defendant has called Plaintiff on Plaintiff's cellular telephone and residential telephone.

8. Defendant had actual knowledge that Plaintiff did not want to be called and that nobody at his residence wanted to be called.

9. Defendant called Plaintiff throughout February 2019.

2

10. Defendant's called Plaintiff on cellular phone number ending in 6060, and residential number ending in 7175.

11. Plaintiff maintains at all times relevant to this Complaint a cellular telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); ending in 6060 and a residential number phone ending in 7175.

12. All of Defendant's calls consisted of an automated telephone dialing system that directed the call to a live human operator.

13. Defendant used an Automated Telephone Dialing System ("ATDS") when contacting Plaintiff on his phone. This was evidenced by the perceptible delay and an audible noise prior to the live operator coming on the call.

14. Plaintiff's cellular phone number has been listed on the National Do Not Call ("DNC") registry during all relevant times.

15. Plaintiff's residential phone number has been listed on the National Do Not Call ("DNC") registry during all relevant times.

16. Plaintiff has never done business with Defendant nor did Plaintiff ever request contact from Defendant.

17. Neither Plaintiff nor anybody in Plaintiff's household/residence owes a debt to Defendant or any entity that Defendant is attempting to collect on behalf of.

18. Defendant lack express prior written consent to contact Plaintiff with an ATDS to contact his cellular phone.

19. Defendant lack express prior consent of any sort, written or otherwise, to contact Plaintiff with ATDS for any purpose.

3

20. Defendant made several calls in February 2019 during the relevant period detailed in this complaint.

21. Defendant's conduct also constitutes a violation of the CSPA.

22. Defendant violated the CSPA by committing an act or practice declared to be deceptive by rules promulgated by the attorney general.

23. As a result of Defendant' conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE CSPA

24. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

25. Defendant are "persons" as defined by R.C. § 1345.01(B).

26. Defendant are "suppliers" as defined by R.C. § 1345.01(C).

27. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

28. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred when Defendant attempted to collect on an alleged debt that arose out of an alleged consumer transaction. R.C. § 1345.02(A) states, "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or **after** [emphasis added] the transaction." Defendant committed an unfair or deceptive act after the transaction.

29. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with

4

the TCPA. A violation of the TCPA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA.

30. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

31. Since Defendant knowingly committed an act or practice that violates the CSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F).

32. Defendant committed at least four (4) violations of Count I of Plaintiff's Complaint. Defendant violated the CSPA four times by violating the TCPA which are per se CSPA violations.

## COUNT II
## STATUTORY VIOLATIONS OF THE TCPA

33. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

34. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

35. Plaintiff maintains at all times relevant to this Complaint a cellular telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); with the phone number ending in 6060.

36. Defendant placed calls to Plaintiff's residential telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i),

5

which had the natural consequence of utilizing Plaintiff's residential telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

37. Defendant also placed calls to Plaintiff's cellular telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i),

38. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's residential telephone line when the recipient of the telephone call has informed the caller that they wish to not receive calls for a commercial purpose. 47 U.S.C. § 227(b)(2) and (3); 47 CFR 64.1200(d)(6).

39. It is likewise a violation of the TCPA and is actionable for one to initiate e telephone call to a person's cellular phone by means of an automated telephone dialing system.

40. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents.

41. Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant and their agents. Upon information and belief, Defendant failed to record Plaintiff's previous do not call requests.

42. Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telecommunications practices in compliance with do-not-call policies and requests; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do

6

Not Call Registry. Upon information and belief, Defendant failed to properly train its personnel to record DNC requests and to maintain a DNC list.

43. Defendant violated the TCPA when Defendant called Plaintiff's telephone and violated provisions of the TCPA during said telephone calls.

44. Defendant negligently violated the TCPA in relation to Plaintiff.

45. As a result of Defendant' negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

46. In the alternative to the *scienter* of negligence, Defendant have willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law).

47. Defendant committed at least eight (eight) violations of Count II of Plaintiff's Complaint. Defendant made at least 4 calls to Plaintiff. Each call consisted of a failure to honor the Do Not Call registry, each call consisted of a failure to maintain a do not call list, and the recorded message themselves violated 47 U.S.C. § 227(b)(1)(A)(iii). Defendant's also failed to promptly provide a written copy of their Do Not Call policies.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

48. Enter judgment against Defendant in Plaintiff's favor in an amount of money in the aggregate that does not exceed fifteen thousand dollars ($15,000.00 – inclusive of all

7

damages) for general damages, statutory damages, liquidated damages, treble damages, not inclusive of the award of attorney's fees pursuant to R.C. § 1345.09(F) and the award of mandatory court costs (as also provided by the CSPA).

49. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

*[signature]*

Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney and Plaintiff Pro Se*

## JURY DEMAND ENDORSED HEREON

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.